UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS RIX, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>               Plaintiff,<br>v.<br><br>LOCKHEED MARTIN CORPORATION, a Maryland Corporation, and Does 1 to 10,<br><br>               Defendants. | Civil No. 09cv2063 MMA (NLS)<br><br>**ORDER REGARDING JOINT MOTION FOR DISCOVERY DISPUTE NUMBER TWO, DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL**<br><br>[Doc. No. 83] |

**I.   PROCEDURAL HISTORY**

This case was filed as a purported class action in which Plaintiff Thomas Rix ("Plaintiff") alleges violations of the Fair Labor Standards Act and state labor laws against his former employer, defendant Lockheed Martin ("LM").  Plaintiff alleges LM wrongfully classified his employment position as Industrial Security Representative ("ISR") and the position of Industry Security Representative, Senior ("ISRSR", collectively "ISRS") as exempt positions based on job title alone.  On February 3, 2010, Plaintiff filed the operative First Amended Complaint, alleging six causes of action: (1) Unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq*.; (2) Failure to pay overtime compensation under Cal. Lab. Code §§ 510, 515.5, 551, 552, 1194 and 1198; (3) Failure to provide meal and rest periods under Cal. Lab. Code §§ 226.7 and 512; (4) Failure to provide accurate itemized statements under Cal. Lab. Code § 226; (5) Violation of Fair Labor Standards Act ("FLSA") 29 U.S.C. §

201, *et seq*.; and (6) Labor Code Private Attorney General Act § 2698 ("PAGA"). [Docket No. 21.]

On March 14, 2011, the Court denied Plaintiff's Motion to Certify a Class Action, finding that individual inquiries will predominate over common questions and, therefore, Plaintiff cannot meet the predominance requirement of Rule 23(b)(3). [Docket No. 62 at 12.] After the Court denied class certification, LM moved to Strike or, in the alternative, Dismiss Plaintiff's PAGA Representative Claim. [Docket No. 67.] LM argued, *inter alia*, that the PAGA claim cannot proceed because it "would be unmanageable, impracticable, and raise serious due process concerns." [Docket No. 67 at 1.] Plaintiff opposed the motion, arguing that the case could be decided on common evidence. The Court denied the Motion to Strike or Dismiss, finding that it was premature. [Docket No. 77 (the "Order.").]

**II.     The Joint Motion for Resolution of a Discovery Dispute**

The parties filed a joint discovery motion in order to decide whether, despite Plaintiff's representations that he will refute the application of the exemption based on common evidence, Plaintiff is entitled to discovery as to each and every allegedly aggrieved employee.[1] Plaintiff is currently seeking to compel, for each and every allegedly aggrieved employee: 1) contact information; 2) identification and production of every document that supports the contention that the employee was correctly classified as exempt; 3) identification of all witnesses with knowledge that supports the classification; 4) all time records; and 5) all payroll information.

Plaintiff argues that the Order (denying the Motion to Strike or Dismiss) specifically granted him the right to the sought discovery. LM counters that the Order proves that Plaintiff is not entitled to the discovery and that the discovery is unduly burdensome. The Court will address each issue in turn.

**III.    DISCUSSION**

    **A.     Discovery at Issue**

The parties have identified three interrogatories and three document requests at issue. This small number of discovery requests, however, encompasses an enormous scope of discovery. Plaintiff seeks to compel further responses to Interrogatory No. 13 which asks: "Please IDENTIFY all ISRs who were employed by you during the RELEVANT TIME PERIOD." LM provided the information for the ISRS

---

[1]LM has determined that there are 90 ISRS who were employed in the state of California during the relevant time period. (White Decl. ¶ 4.)

1  who worked at the Palmdale facility, the facility where Plaintiff worked, who did not object to
2  disclosure of their information.
3      Plaintiff also seeks to compel a response to Interrogatory No. 16, which asks: " For each
4  workweek IDENTIFIED in YOUR response to Interrogatory No. 14, please IDENTIFY all
5  DOCUMENTS that support DEFENDANT'S contention that the Defendant's classification of the ISR
6  as exempt from overtime during that workweek was correct."
7      Plaintiff also seeks to compel a response to Interrogatory 17, which asks: "For each workweek
8  IDENTIFIED in YOUR response to Interrogatory No. 14, please IDENTIFY all witnesses with
9  knowledge of facts that support DEFENDANT'S contention that the Defendant's classification of the
10 ISR as exempt from overtime during that workweek was correct."  LM responded with objections to this
11 interrogatory.
12     Plaintiff also seeks to compel a further response to Request for Production No. 49, which seeks:
13 "All DOCUMENTS evidencing the records of hours worked by the ISRs during the RELEVANT TIME
14 PERIOD, including all entries made into DEFENDANT'S electronic time recording systems."
15 LM has produced the records for all ISRS who worked at the Palmdale facility, who did not object to
16 disclosure of their information.
17     Plaintiff also seeks to compel a further response to Request for Production No. 50, which seeks:
18 "All DOCUMENTS evidencing the payroll records for the ISRs during the RELEVANT TIME
19 PERIOD."  LM has produced the records for all ISRS who worked at the Palmdale facility, who did not
20 object to disclosure of their information.
21     Finally, Plaintiff also seeks to compel a response to Request for Production No. 52, which seeks:
22 "All DOCUMENTS identified in YOUR response to PLAINTIFF'S Interrogatories, Set Three, served
23 herewith."  LM did not produce any documents in response to this broad request.
24 //
25 //
26 //
27 //
28 //

**B. The Order Does Not State that the Discovery Sought Must Be Allowed**

Plaintiff argues that the Order establishes his right to the discovery sought:

> Defendant must comply with Plaintiff's requests for discovery needed for trial. Defendant has already attempted to strike Plaintiff's PAGA cause of action which was denied by the District Court. In so doing, the District Court ruled that Plaintiff is entitled to pursue civil penalties pursuant to PAGA on behalf of all Aggrieved Employees, [Doc. No. 77]. Defendant is, therefore, collaterally estopped under the law of the case from seeking to limit the scope of the PAGA cause of action.

[Docket No. 83-1 at 3.]

The clear words of the Order refute Plaintiff's argument. In denying the Motion to Strike or Dismiss as premature, the Court reasoned:

> For Plaintiff to recover penalties under PAGA, Plaintiff will have to prove Labor Code violations for each and every individual on whose behalf he seeks to recover. *See*, *Hibbs-Rines v. Seagate Technologies, LLC*, 2009 WL 513496 *4 (N.D. Cal. 2009). This, however, does not necessarily lead to the conclusion that litigating Plaintiff's PAGA claim will be inevitably unmanageable. Discovery has been stayed regarding Plaintiff's PAGA representative claim, and it has not yet been determined how many violations Plaintiff will seek to establish, and how many allegedly aggrieved ISRs could be potentially included. The Court tentatively concludes it would be premature to strike Plaintiff's PAGA claim at this stage of the proceedings, given the reasonable possibility that Plaintiff could ultimately seek to litigate a manageable PAGA claim. For similar reasons, the Court also tentatively concludes Defendant's due process concerns, which also rest in large part on manageability concerns and Defendant's opportunity to present a complete defense as to each allegedly aggrieved employee, do not warrant striking Plaintiff's PAGA claim at this time.

[Docket No. 77 at 2, (the "Order").][2]

As LM argues, the District Court's Order does not collaterally estop it from arguing that this discovery is improper or that the discovery is unduly burdensome. The District Court was considering a wholly separate question: whether the PAGA claim could go forward. It is simply not logical to conclude that, in denying a motion as premature, the Court ruled that any discovery issued by the Plaintiff would necessarily be proper. Because the Court has never considered whether the benefit of the discovery sought outweighs its burden, LM is entitled to argue that the discovery should not be had.

//

//

---

[2] On July 29, 2011, the Court issued a tentative ruling. [Docket No. 77.] On August 1, 2011, the court held oral argument and entered an order affirming the tentative ruling. [Docket No. 78.]

### C. The Discovery Sought is Burdensome

Plaintiff seeks the exact same discovery he would seek if a class had been certified: all time and payroll records, each of the ISRS' contact information, and information about witnesses, documents and facts to support LM's affirmative defense that each ISRS is exempt.

As LM correctly points out, the discovery sought includes any document that shows, for each workweek, that each employee was performing exempt work. Such documents could include all performance evaluations, emails, schedules, and reports. Similarly, LM argues that disclosure of every witness with knowledge of each of the ISRS' work duties would be unduly burdensome because it would require identification of every supervisor, co-worker, and customer of each of the ISRS. Additionally, LM has ascertained that there are 90 ISRS who were employed in the relevant time period. (White Decl. ¶ 4.) LM further argues that, given the nature of the work performed by the ISRS, these documents "will necessarily address highly confidential national defense subjects." (Docket No. 83 at 13.) LM also argues that the privacy rights of their employees are affected as well, especially the employees who have already opted out of having their information shared with Plaintiff. Finally, LM argues that the burden of locating, reviewing and producing documents for each of the 90 ISRS employees for each of the 148 workweeks in question is unduly burdensome. Thus, although LM has not identified the burden with specificity, it has shown that the discovery sought is burdensome.

### D. Plaintiff's Assertion that the Case Can Be Proven With Common Evidence

In Opposing the Motion to Dismiss or Strike, Plaintiff argued:

> Plaintiff is prepared to prove by a preponderance of the evidence that Defendant had a common scheme in place whereby Defendant classified these employees as exempt from overtime and related state law requirements based on job title alone, without any individual audit as to actual time spent performing the assigned tasks, that the subject employees were all public safety employees and that these challenged employees did not and could not exercise any independent judgment or discretion as to any matter of significance for the workweeks in question.

[Docket No. 68 at 5.](emphasis added.)   Plaintiff expounded on this argument later in the brief:

> Moreover, the evidence above details **how Plaintiff intends to present the common evidence to refute the Defendant's claim of an exemption**. First, Plaintiffs will demonstrate that the work performed is public security work, which has been uniformly held to be non exempt. Second, the evidence will show that the government directives preclude the use of independent judgment and discretion by these employees. Third, Plaintiffs will prove that because Defendant performed no contemporaneous audit or study of any employees' work and therefore, Defendant cannot meet its burden for even one aggrieved employee [sic].

*Id.* at 17-18 (emphasis added.)

Plaintiff argues that the discovery sought is necessary to prove damages for the PAGA claim. LM argues Plaintiff should not be allowed to defeat a Motion to Strike by arguing the action can be adjudicated based on common evidence and then to force LM to produce the same burdensome discovery it formerly disavowed in order to proceed with the PAGA claim. LM further argues that the discovery sought here supports its contention that the PAGA claim will be unmanageable. (Docket No. 83 at 10.) Plaintiff does not address his prior representations that the type of discovery he now seeks would be unnecessary.

Defendant is correct that this discovery motion has provided new information as to Plaintiff's intended scope of the PAGA claim. It is now clear that Plaintiff is seeking to pursue the PAGA claim for every ISR and ISRSR. Additionally, LM has determined that are 90 ISRS who were employed in California from September 21, 2008 to July 31, 2011. (White Decl. ¶ 4.) Thus, adjudication of the PAGA claim will require 90 individualized inquiries into whether each and every one of the ISRS was properly categorized as exempt for each and every relevant work week. Plaintiff has sought every fact, witness and document relating to whether each of the 90 ISRS was properly categorized as exempt for each of the 148 relevant workweeks.

In light of Plaintiff's representation that the litigation of the PAGA claim would be "manageable" because the case can be made with common evidence, the discovery sought is unduly burdensome at this time. Accordingly, Plaintiff's request to compel discovery is Denied Without Prejudice.[3]

//
//
//

---

[3] The Court notes that the discovery sought is extremely broad and that LM has raised significant issues as to the burden of producing the discovery. In any future motion, Plaintiff must be prepared to explain why more narrow discovery is insufficient and LM must be prepared to state with specificity the burden of any discovery that it claims is unduly burdensome. Moreover, the parties are specifically informed that the Chambers Rules governing Joint Motion for Discovery Disputes do not contemplate that arguments will be made both in a joint motion and in separately filed briefs by both sides. The parties are to avoid this cumbersome process in the future and file a single joint motion that contains the requests and responses at issue and no more than 10 pages of points and authorities for each side.

## IV. CONCLUSION

For the foregoing reasons, and Good Cause Appearing, It Is Hereby Ordered that:

1. Plaintiff's request to compel discovery is Denied Without Prejudice;
2. LM may, no later than **January 27, 2012**, file a motion challenging the PAGA claim;
3. After any motion challenging the PAGA claim is adjudicated (or the deadline to file the motion has passed without the filing of such a motion ) and after a new meet and confer effort is completed, Plaintiff may initiate a new Joint Motion to Resolve a Discovery Dispute relating to the discovery requests covered herein.

**IT IS SO ORDERED.**

DATED: January 4, 2012

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court