**BLUMENTHAL, NORDREHAUG & BHOWMIK**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Firm website: http://www.bamlawca.com

**UNITED EMPLOYEES LAW GROUP**
Walter Haines (Bar No. 71075)
65 Pine Avenue, #312
Long Beach, CA 90802
Telephone: (877) 696-8378
Facsimile: (562) 256-1006

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS RIX, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LOCKHEED MARTIN CORPORATION, a Maryland Corporation, and Does 1 to 10,<br><br>Defendants. | CASE No. 3:09-cv-02063-CAB (NLS)<br><br>**PLAINTIFF'S NOTICE OF STATEMENT OF RECENT AUTHORITY RELEVANT TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**<br><br>Date Filed: September 21, 2009 |

Plaintiff Thomas Rix ("Plaintiff") respectfully submits this Statement of Recent Authority In Support of Plaintiff's opposition to Defendant's motion to strike, and hereby brings to the Court's attention the recent May 24, 2012 decision by Judge William Q. Hayes in *Williams v. Lockheed*, USDC Case No. 3:09-cv-01669-WQH-MDD (S.D. Cal. May 24, 2012), which denied the same motion at issue in this case. A true and correct copy of the order is attached hereto as Exhibit 1.

Dated: May 24, 2012

BLUMENTHAL, NORDREHAUG & BHOWMIK

By: */s/ Kyle Nordrehaug*
Kyle Nordrehaug, Esq.
Attorneys for Plaintiff

**EXHIBIT "1"**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JENIFER WILLIAMS,

Plaintiff,

vs.

LOCKHEED MARTIN CORPORATION,

Defendant.

CASE NO. 09cv1669 WQH (POR)

**ORDER**

HAYES, Judge:

The matters before the Court are the "Motion to Strike, or in the Alternative, Dismiss Plaintiff's PAGA Representative Claim" (ECF No. 118) filed by Defendant Lockheed Martin Corporation and the "Objection to Order of Magistrate Judge and Motion for Judgment on Pleadings or to Strike Defendant's Affirmative Defense to Plaintiff's PAGA Cause of Action in the Event the Documents in Support Thereof are not Produced" (ECF No. 121) filed by Plaintiff Jenifer Williams.

**I. Background**

On July 31, 2009, Plaintiff initiated this action by filing her Complaint. (ECF No. 1). On September 9, 2009, Plaintiff filed her First Amended Complaint. (ECF No. 6). On November 19, 2009, Plaintiff filed her Second Amended Complaint ("Complaint"), which is the operative pleading in this case. (ECF No. 14). Plaintiff asserts seven claims for relief as follows: (1) unfair competition; (2) failure to pay overtime in violation of state law; (3) failure to provide wages when due; (4) failure to provide meal and rest periods; (5) failure to provide

accurate itemized wage statements; (6) failure to pay overtime in violation of the federal Fair Labor Standards Act ("FLSA"); (7) for civil penalties pursuant to California's Private Attorney General Act ("PAGA") "on behalf of herself and all other individuals who are or previously were employed by Defendant Lockheed Martin Corporation in a staff position classified as exempt with the title Systems Administrator, Network Data Communications Analyst, [or] Network Data Communications Senior Analyst ... during the applicable statutory period as determined by the Court (the 'Aggrieved Employees')." *Id*. at 48.

Plaintiff filed a Motion for Class Certification of "all those individuals employed by Defendant Lockheed Martin who were classified as exempt and worked in a position with the title Systems Administrator or Network Data Communications Analyst ... during the period July 31, 2005 to the present ...." (ECF No. 76-1 at 8 (internal quotations omitted).) On June 2, 2011, this Court denied Plaintiff's Motion for Class Certification. The Court concluded:

> The proposed class members perform broad categories of work including installation, configuring, troubleshooting, and maintenance, which encompass varying tasks with varying levels of complexity and are executed with varying levels of judgment. In addition to these broad categories of work, proposed class members participate in design, assist customers, draft policies, and participate in training which also encompass varying tasks with varying levels of complexity and are executed with varying levels of judgment. Individual inquiries are necessary to determine whether class members are properly categorized as exempt and the need for individual inquiry is not reduced by the presence of centralized control or standard policies governing how employees spend their time.

(ECF No. 92 at 21).

On January 25, 2012, Defendant filed a "Motion to Strike, or in the Alternative, Dismiss Plaintiff's PAGA Representative Claim." (ECF No. 118).

On January 27, 2012, the Magistrate Judge issued an Order denying a "Joint Motion for Determination of Discovery Dispute" regarding the PAGA discovery. The Magistrate Judge stayed PAGA related discovery pending resolution of the Motion to Strike. (ECF No. 116).

On February 3, 2012, Plaintiff filed an "Objection to Order of Magistrate Judge and Motion for Judgment on Pleadings or to Strike Defendant's Affirmative Defense to Plaintiff's PAGA Cause of Action in the Event the Documents in Support Thereof are not Produced." (ECF No. 121).

## II. Discussion

### A. Motion to Strike

Defendant contends that a PAGA claim, brought in federal court, must satisfy Federal Rule of Civil Procedure 23. Defendant contends that the PAGA claim fails because the court has denied class certification under Rule 23; therefore, the PAGA claim does not meet the requirements of Rule 23. Defendant also contends that the PAGA claim must be dismissed because litigating the claim would be "unmanageable, impracticable, and raise insurmountable due process concerns." (ECF No. 118-1 at 7). Defendant contends that Plaintiff will be required to prove Labor Code violations for every individual on whose behalf Plaintiff seeks to recover penalties pursuant to PAGA. Defendant contends that individual inquiries will be required of each individual for which Plaintiff seeks to recover PAGA penalties. Defendant contends that the Court should "exercise its inherent authority to determine that a representative PAGA claim cannot proceed in these circumstances." *Id*.

Plaintiff contends that a PAGA claim is not subject to the requirements of Federal Rule of Civil Procedure 23. Plaintiff contends that a PAGA claim is a representative law enforcement action for which the California Supreme Court has held that class certification requirement need not be satisfied. Plaintiff contends that the prosecution of the PAGA claim is manageable and practicable on the grounds that "Plaintiff will present common evidence that she and all the other aggrieved employees were uniformly classified by Defendant as exempt from California's overtime law, that they all worked overtime hours for which they were not paid and the penalties the State of California is entitled to as a result of these facts."[1] (ECF No. 122 at 22).

Rule 12(f) of the Federal Rules of Civil Procedure states that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

---

[1] Although Plaintiff's opposition only addresses Plaintiff's PAGA claim based on unpaid overtime violations, Plaintiff's Complaint seeks PAGA penalties for violations in addition to unpaid overtime including "Defendant's failure to pay wages, failure to provide rest and meal period breaks, failure to pay wages and compensation for work without rest and meal period breaks and failure to provide accurate wage statements and maintain accurate time records ...." (ECF No. 14 at 48-49).

matter." Fed. R. Civ. P. 12(f). A motion to strike under "Rule 12(f) 'is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'" *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) (Hufstedler, J., concurring and dissenting) (quoting 5 Wright & Miller, Federal Prac. & Proc. § 1380, at 782). Motions to strike are generally regarded with disfavor and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation omitted). In exercising its discretion, the court views the pleadings in the light most favorable to the non-moving party, and "resolves any doubt as to the relevance of the challenged allegations or sufficiency of a defense in the defendant's favor." *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

The Court of Appeals for the Ninth Circuit has not determined whether a California PAGA claim must meet the requirements of Federal Rule of Civil Procedure 23 when brought in federal court. District Courts in California are split on the issue. A minority of District Court have held that Rule 23 applies to PAGA claims on the grounds that PAGA is primarily a procedural statute and federal standing requirements do not allow for the representative action to proceed in federal court without being certified as a class under Rule 23. *See Ivey v. Apogen Technologies, Inc.*,Case No. 11cv366 DMS (NLS), 2011 WL 5085560 at **2-3 (S.D. Cal. Oct. 26, 2011); *Thompson v. APM Terminals Pacific Ltd.*, Case No. No. C 10–00677 JSW, 2010 WL 6309364 at *2 (N.D. Cal. Aug. 26, 2010); *Adams v. Luxottica U.S. Holdings Corp.*, Case No. SA CV 07-1465 AHS (MLGx), 2009 WL 7401970 at *6 (C.D. Cal. July 24, 2009).

A majority of District Courts have held that a plaintiff may bring a PAGA claim in federal court without meeting the requirements of Federal Rule of Civil Procedure 23. *See Moua v. International Business Machines Corp.*, Case No. 5:10cv01070 EJD, 2012 WL 370570 at **3-4 (N.D. Cal. Jan. 31, 2012); *Casida v. Sears Holdings Corp.*, Case No. 1:11cv01052 AWI JLT, 2012 WL 253217 at *3 (E.D. Cal. Jan. 26, 2012); *Jeske v. Maxim Healthcare Services, Inc.*, Case No. CV F 11–1838 LJO JLT, 2012 WL 78242 at *19 (E.D.

Cal. Jan. 10, 2012); *Rix v. Lockheed Martin Corp.*, Case No. 09cv2063 MMS (NLS), 2012 WL 137241-2 at **2-3 (S.D. Cal. July 29, 2011); *Thomas v. Aetna Health of California, Inc*., Case No. 1:10cv01906 AWI SKO, 2011 WL 2173715 at *11 (E.D. Cal. June 2, 2011); *McKenzie v. Federal Exp. Corp.*, 765 F. Supp. 2d 1222, 1232-33 (C.D. Cal. 2011)*; Cardenas v. McLane Foodservice, Inc.*, Case No. SACV 10-473 DOC (FFMx), 2011 WL 379413 at **2-3 (C.D. Cal. Jan. 31, 2011); *Mendez v. Tween Brands, Inc*., Case No. 2:10-cv-00072-MCE-DAD, 2010 WL 2650571 at *2 (E.D. Cal. July 1, 2010); *Sample v. Big Lots Stores, Inc*., Case No. C 10-03276 SBA, 2010 WL 4939992 at *3 (N.D. Cal. Nov. 30, 2010); *Ochoa-Hernandez v. Cjaders Foods, Inc*., Case No. C 08-2073 MHP, 2010 WL 1340777 at *2 (N.D. Cal. Apr. 2, 2010); *Machado v. M.A.T. & Sons Landscape, Inc.*, Case No. 2:09-cv-00459 JAM JFM, 2009 WL 2230788 at *3 (E.D. Cal. July 23, 2009); *Hibbs-Rines v. Seagate Technologies, LLC,* Case No. C 08-05430 SI, 2009 WL 513496 at *4 (N.D. Cal. Mar. 2, 2009).

The PAGA provision is contained in the California Labor Code which states: “[A]ny provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ... for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees ....” Cal. Labor Code section 2699(a). An aggrieved employee is defined as “any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.” Cal. Labor Code section 2699(c).

In *Arias v. Superior Court*, 46 Cal.4th 969 (2009), the California Supreme Court held that state class certification requirements “need not be met when an employee’s representative action against an employer is seeking civil penalties under the Labor Code Private Attorneys General Act of 2004 (Lab.Code, § 2698 et seq.).” *Id*. at 975; *see also Sample*, 2010 WL 4939992 at * 3 (citing *Murtishaw v. Woodford*, 255 F.3d 926, 964 (9th Cir. 2001) (California Supreme Court’s interpretations of California law are binding on federal courts)).

The California Supreme Court explained that a plaintiff pursuing a PAGA claim “does so as the proxy or agent of the state’s labor law enforcement agencies.” *Arias*, 46 Cal.4th at

986. Accordingly, "[a] PAGA claim ... is fundamentally different from a class action in terms of both the interests represented and the relief sought." *Jeske*, 2012 WL 78242 at *19 (citing *Mendez*, 2010 WL 2650571 at *2). Because a PAGA plaintiff represents the interest of state labor law enforcement agencies and does not assert the rights of third parties, Article III and prudential standing concerns are not implicated. *See McKenzie*, 765 F.Supp.2d at 1234.

This Court agrees with the majority of District Court which have held that a California PAGA claim is not required to meet the requirements of Federal Rule of Civil Procedure 23 when brought in federal court. Defendant's due process rights will not be violated by allowing the PAGA claim to proceed without class certification under Rule 23. "Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA."[2] *Hibbs-Rines*, 2009 WL 513496 *4; *see also Rix*, 2012 WL 137241-2 at *3; *Cardenas*, 2011 WL 379413 at *3 ("[A] plaintiff cannot recover on behalf of individuals whom the plaintiff has not proven suffered a violation of the Labor Code by the defendant.").[3]

The "Motion to Strike, or in the Alternative, Dismiss Plaintiff's PAGA Representative Claim" (ECF No. 118) filed by Defendant Lockheed Martin Corporation is DENIED.

**B. Objections to Magistrate Judge's Order and Motion to Strike**

Plaintiff contends that the Magistrate Judge's Order staying PAGA discovery pending a decision on Defendant's Motion to Strike the PAGA claim was error on the grounds that the "majority" of District Courts have held that Rule 23 does not apply to PAGA claims. Plaintiff seeks to strike Defendant's affirmative defense that Plaintiff was an exempt employee on the grounds that Defendant has not produced sufficient evidence to support the claim. Plaintiff contends that Defendant's affirmative defense fails to meet the heightened pleading requirement set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v.*

---

[2] To the extent Defendant contends that Plaintiff's evidence is not adequate to show that she is entitled to PAGA penalties, that is not a proper inquiry on a Motion to Strike or Dismiss.

[3] Defendant also contends that PAGA is unconstitutional. The Court does not rule on constitutional arguments in the context of a Motion to Strike or Dismiss.

*Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

Defendant contends that the Magistrate Judge's Order staying PAGA discovery pending a decision on Defendant's Motion to Strike the PAGA claim was not erroneous. Defendant contends that the Magistrate Judge's Order did not prejudice Plaintiff because the motion to compel was denied without prejudice. Defendant contends that its affirmative defense that Plaintiff was an exempt employee should not be stricken because discovery on the PAGA claim was stayed pending a ruling from the Court and Defendant has not violated any discovery order. Defendant contends that its affirmative defense that Plaintiff was an exempt employee should not be stricken pursuant to *Twombly* and *Iqbal*. Plaintiff asserts that the parties have been litigating the issue of exemption for over two years giving Plaintiff fair notice of the affirmative defense.

"Where a magistrate is designated to hear a discovery motion, '[a] judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law.'" *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a) ("[t]he district judge in the case must consider timely objections [to nondispositive matters] and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). "Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993) (quotation omitted); *see also Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (same). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).

In this case, the Magistrate Judge stated:

> At the heart of this discovery dispute is the question whether a plaintiff may maintain a representative action under PAGA without meeting the class action certification requirements of Fed. R. Civ. P. 23. The Ninth Circuit has not yet ruled on this issue. The district courts

> are split. *See Ivey v. Apogen Technologies, Inc.*, 2011 WL 3515936 *2-3 (S.D. Cal. 2011)(collecting cases). In *Ivey*, a District Judge of this Court ruled that PAGA contravenes federal procedural requirements by providing for recovery to unnamed non-parties and that such a claim must meet the class certification requirements of Rule 23. *Id*. at 3. On the other hand, another District Judge of this Court, in *Rix v. Lockheed Martin Corporation*, 09cv2063-MMA (NLS), a case virtually identical to the instant case but involving a different classification of employee, declined to dismiss plaintiff's PAGA claim for failing to meet the requirements of Rule 23 on the grounds that at that stage of the litigation it was not clear that plaintiff could not seek to litigate a manageable claim. (Doc. No. 77). Since then, as the case information matured, the Magistrate Judge assigned to that case authorized defendant to file a challenge to plaintiff's PAGA claim. *Id*. at Doc. No. 85.
>
> In the instant case, on January 25, 2012, Defendant moved to strike or dismiss Plaintiff's PAGA claim. (Doc. No. 118). And, in connection with this discovery dispute, Defendant has asked this Court to stay PAGA-related discovery pending resolution of its motion in the District Court. (Doc. No. 116 at 9-10). The Court finds that the prudent course to take is to stay PAGA related discovery pending a ruling by the District Court on Defendant's motion. To do otherwise would result in potentially needless litigation as one side or the other likely would have to file objections to the resulting discovery order.
>
> Accordingly, the pending discovery motion is denied without prejudice and all PAGA related discovery is stayed pending a ruling on Defendant's motion to strike or dismiss Plaintiff's PAGA claim.

(ECF No. 116 at 1-2).

As discussed above, the issue of whether a California PAGA claim must meet the requirements of Federal Rule of Civil Procedure 23 when brought in federal court has not been decided by the Court of Appeals for the Ninth Circuit and there is a split among the District Courts. The Magistrate Judge stayed PAGA discovery pending the Court's decision on Defendant's Motion to Strike. The Magistrate Judge denied Plaintiff's discovery motion without prejudice. The Court does not find that the Magistrate Judge's order is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). To the extent Plaintiff also seeks to strike Defendant's affirmative defense "in the event the documents in support thereof are not produced," the motion is premature. (ECF No. 121 at 1).

With regard to Plaintiff's request to strike Defendant's affirmative defense that Plaintiff was an exempt employee, a motion to strike an affirmative defense is allowable under Federal Rule of Civil Procedure 12(f). *Twombly* announced a new pleading standard for complaints,

but did not discuss affirmative defenses. The Court of Appeals for the Ninth Circuit has not ruled on the issue of whether the *Twombly* standard applies to affirmative defenses. Some district courts in this circuit have extended the *Twombly* standard to affirmative defenses and some have not. *Compare Trustmark Ins. Co. v. C&K Mkt., Inc.*, No. CV-10-465, 2011 WL 587574, at *1 (D. Or. Feb. 10, 2011) (declining to extend *Twombly* to affirmative defenses), *with Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (applying *Twombly* to affirmative defenses). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). This Court agrees with the reasoning of those courts which have held that district courts in this Circuit remain bound by the holding of *Wyshak*. *See Trustmark*, 2011 WL 587574 at *1.

In the Answer, Defendant asserts an affirmative defense of "Exempt States" and states:

> Plaintiff and the putative members of the purported class, collective, and representative action defined in the Complaint were exempt from the California and federal wage and hour laws alleged in the Complaint by virtue of one or more exemptions, including, but not limited to, the "administrative" exemption, the "executive" exemption, the "professional" exemption, the "computer software employee" exemption, the "highly compensated employee" exemption, and/or the "combination" exemption.

(ECF No. 16 at 20).

The Court finds that the affirmative defense in the Answer provides fair notice of the defense to Plaintiff. In addition, the issue of Plaintiff's exemption status was thoroughly raised during the motion for class certification. The "Objection to Order of Magistrate Judge and Motion for Judgment on Pleadings or to Strike Defendant's Affirmative Defense" (ECF No. 121) filed by Plaintiff Jenifer Williams is DENIED.

**III. Conclusion**

The "Motion to Strike, or in the Alternative, Dismiss Plaintiff's PAGA Representative Claim" (ECF No. 118) filed by Defendant Lockheed Martin Corporation and the "Objection to Order of Magistrate Judge and Motion for Judgment on Pleadings or to Strike Defendant's

///

Affirmative Defense to Plaintiff's PAGA Cause of Action in the Event the Documents in Support Thereof are not Produced" (ECF No. 121) filed by Plaintiff Jenifer Williams are DENIED.

DATED: May 24, 2012

**WILLIAM Q. HAYES**
United States District Judge

**CERTIFICATE OF SERVICE [F.R.C.P. §5]**

I am a citizen of the United States and a resident of the State of California. I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2255 Calle Clara, La Jolla, California 92037. On May 24, 2012, I served the document(s) described as below in the manner set forth below:

**(1) PLAINTIFF'S NOTICE OF STATEMENT OF RECENT AUTHORITY RELEVANT TO PLAINTIFF'S OPPOSITION**

_XX_ (BY ELECTRONIC SERVICE): I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court for the Southern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

**_XX_** (Federal): I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 24, 2012 at San Diego, California.

*/s/ Kyle Nordrehaug*
Kyle Nordrehaug

K:\D\Dropbox\Pending Litigation\Lockheed Martin - Rix [CA430]\PAGA rep claim\p-st-recent-authority-02.wpd